## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## ORLANDO DIVISION

RAFAELA LOPEZ PAGAN,

        Plaintiff,

v.                                      Case No. 6:24-cv-1296-JRK

FRANK BISIGNANO,
Commissioner of Social Security,[1]

        Defendant.

_____

## **OPINION AND ORDER**[2]

## I.   Status

      Rafaela Lopez Pagan ("Plaintiff") is appealing the Commissioner of the Social Security Administration's ("SSA('s)") final decision denying her claim for supplemental security income ("SSI"). Plaintiff's alleged inability to work is the result of fibromyalgia, anxiety, depression, bipolar disorder, post-traumatic

---

[1]     Frank Bisignano was recently confirmed as the Commissioner of Social Security. Pursuant to Rule 25(d), Federal Rules of Civil Procedure, Mr. Bisignano should be substituted as Defendant in this suit. No further action need be taken to continue this suit by reason of the last sentence of section 205(g) of the Social Security Act, 42 U.S.C. § 405(g).

[2]     The parties consented to the exercise of jurisdiction by a United States Magistrate Judge. See Order Regarding Consent to Magistrate Judge Jurisdiction in Social Security Appeals (Doc. No. 117), Case No. 3:21-mc-1-TJC (outlining procedures for consent and Defendant's generalized consent to Magistrate Judge jurisdiction in social security appeals cases); consent by Plaintiff indicated in docket language for Complaint (Doc. No. 1).

stress disorder, attention deficit hyperactivity disorder,[3] restless leg syndrome, fatigue, panic attacks, and impaired concentration. Transcript of Administrative Proceedings (Doc. No. 9; "Tr." or "administrative transcript"), filed September 11, 2024, at 77, 85, 249. Plaintiff protectively filed an application for SSI on August 6, 2021, alleging a disability onset date of June 29, 2021.[4] Tr. at 225-30. The application was denied initially, Tr. at 76, 77-83, 100-03, and upon reconsideration, Tr. at 84, 85-94, 117-19.[5]

On November 8, 2023, an Administrative Law Judge ("ALJ") held a hearing, during which Plaintiff, who was represented by counsel, and a vocational expert ("VE") testified. Tr. at 50-75. On January 23, 2024, the ALJ issued a Decision finding Plaintiff not disabled since the date the SSI application was filed. See Tr. at 10-30.

Thereafter, Plaintiff sought review of the Decision by the Appeals Council and submitted a brief authored by her lawyer. See Tr. at 4-5 (Appeals Council exhibit list and order), 217-18 (request for review), 357-58 (brief). On May 13,

---

[3]    Plaintiff's administrative paperwork lists "ADD," Tr. at 77, but that term is not used currently in diagnoses. It has been replaced by attention deficit hyperactivity disorder (ADHD). See, e.g., Difference Between ADD and ADHD, WebMd, available at https://www.webmd.com/add-adhd/childhood-adhd/add-vs-adhd. References hereinafter will be to "ADHD" even if they appear as ADD in the administrative transcript.

[4]    Although the SSI application was actually filed on August 24, 2021, Tr. at 225, the protective filing date is listed elsewhere in the administrative transcript as August 6, 2021, Tr. at 77, 85.

[5]    Some of these documents are duplicated in the administrative transcript. Citations are to the first time a document appears.

2024, the Appeals Council denied Plaintiff's request for review, Tr. at 1-3, thereby making the ALJ's Decision the final decision of the Commissioner. On July 16, 2024, Plaintiff commenced this action under 42 U.S.C. § 405(g), as incorporated by § 1383(c)(3), by timely filing a Complaint (Doc. No. 1), seeking judicial review of the Commissioner's final decision.

On appeal, Plaintiff argues the ALJ erred by: 1) "provid[ing] erroneous analysis in assessing Plaintiff's residual functional capacity [('RFC')] and improperly evaluat[ing] the medical opinions"; 2) "appl[ying] erroneous analysis in reviewing the mental impairment Listings at step [three]"; and 3) "fail[ing] to consider all of Plaintiff's impairments," particularly ADHD, "at step two and in the subsequent evaluation steps." Plaintiff's Brief (Doc. No. 16; "Pl.'s Br."), filed November 15, 2024, at 3 (emphasis and some capitalization omitted); see id. at 4-19 (argument regarding issue one), 19-20 (argument regarding issue two), 21-23 (argument regarding issue three). On January 13, 2025, Defendant responded to Plaintiff's arguments by filing a Memorandum in Support of the Commissioner's Decision (Doc. No. 20; "Def.'s Mem.").

After a thorough review of the entire record and consideration of the parties' respective arguments, the undersigned finds that the Commissioner's final decision is due to be reversed and remanded for reconsideration of Plaintiff's ADHD at step two and in later sequential evaluation steps (Plaintiff's issue three). On remand, this reconsideration may impact the Administration's

consideration of the remaining issues on appeal. For this reason, the Court need not address the parties' arguments on those issues. See Jackson v. Bowen, 801 F.2d 1291, 1294 n.2 (11th Cir. 1986) (per curiam) (declining to address certain issues because they were likely to be reconsidered on remand); Demenech v. Sec'y of the Dep't of Health & Human Servs., 913 F.2d 882, 884 (11th Cir. 1990) (per curiam) (concluding that certain arguments need not be addressed when the case would be remanded on other issues).

## II.   The ALJ's Decision

When determining whether an individual is disabled,[6] an ALJ must follow the five-step sequential inquiry set forth in the Code of Federal Regulations ("Regulations"), determining as appropriate whether the claimant (1) is currently employed or engaging in substantial gainful activity; (2) has a severe impairment; (3) has an impairment or combination of impairments that meets or medically equals one listed in the Regulations; (4) can perform past relevant work; and (5) retains the ability to perform any work in the national economy. 20 C.F.R. § 404.1520; see also Simon v. Comm'r, Soc. Sec. Admin., 7 F.4th 1094, 1101-02 (11th Cir. 2021) (citations omitted); Phillips v. Barnhart,

---

[6]      "Disability" is defined in the Social Security Act as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A).

357 F.3d 1232, 1237 (11th Cir. 2004). The claimant bears the burden of persuasion through step four, and at step five, the burden shifts to the Commissioner. <u>Bowen v. Yuckert</u>, 482 U.S. 137, 146 n.5 (1987).

Here, the ALJ followed the five-step sequential inquiry. <u>See</u> Tr. at 12-30. At step one, the ALJ determined Plaintiff "has not engaged in substantial gainful activity since August 6, 2021, the application date." Tr. at 12 (emphasis and citation omitted). At step two, the ALJ found that Plaintiff "has the following severe impairments: lumbar and cervical degenerative disc disease, fibromyalgia, restless leg syndrome, shoulder degenerative joint disease, obesity, depression, bipolar disorder, anxiety disorder, and posttraumatic stress disorder (PTSD)." Tr. at 12-13 (emphasis and citation omitted). At step three, the ALJ ascertained that Plaintiff "does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 [C.F.R.] Part 404, Subpart P, Appendix 1." Tr. at 13 (emphasis and citation omitted).

The ALJ determined that Plaintiff has the following residual capacity ("RFC"):

> [Plaintiff can] perform light work as defined in 20 CFR [§] 416.967(b) except she requires work which can be learned in 30 days with a General Education Development Scale Reasoning level of 1, 2, or 3 in the DOT. Can occasionally stoop, kneel, crouch or crawl. Can never climb ladders, ropes, or scaffolds; can occasionally climb ramps or stairs. Should avoid exposure to hazards, such as heights or machinery with

> moving parts. Can frequently reach (including overhead) with the upper extremities. Can frequently handle and finger with the upper extremities. No production rate pace work. Occasional changes in routine workplace setting. No commercial driving.

Tr. at 17 (emphasis omitted).

At step four, the ALJ found that Plaintiff "is unable to perform any past relevant work" as "a Supervisor," a "Receptionist," and a "Medical Assistant." Tr. at 28 (some emphasis and citation omitted). At the fifth and final step of the sequential inquiry, after considering Plaintiff's age ("49 years old . . . on the date the application was filed"), education ("at least a high school education"), work experience, and RFC, the ALJ relied on the VE's testimony and found "there are jobs that exist in significant numbers in the national economy that [Plaintiff] can perform," Tr. at 28-29 (emphasis and citation omitted), such as "Cleaner/Housekeeper," "Marker," and "Routing Clerk," Tr. at 29. The ALJ concluded Plaintiff "has not been under a disability . . . since August 6, 2021, the date the application was filed." Tr. at 30 (emphasis and citation omitted).

## III.   Standard of Review

This Court reviews the Commissioner's final decision as to disability pursuant to 42 U.S.C. §§ 405(g) and 1383(c)(3). Although no deference is given to the ALJ's conclusions of law, findings of fact "are conclusive if . . . supported by 'substantial evidence.'" Doughty v. Apfel, 245 F.3d 1274, 1278 (11th Cir. 2001) (citing Falge v. Apfel, 150 F.3d 1320, 1322 (11th Cir. 1998)). "Substantial

evidence is something 'more than a mere scintilla, but less than a preponderance.'" Dyer v. Barnhart, 395 F.3d 1206, 1210 (11th Cir. 2005) (quoting Hale v. Bowen, 831 F.2d 1007, 1011 (11th Cir. 1987)). The substantial evidence standard is met when there is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Falge, 150 F.3d at 1322 (quoting Richardson v. Perales, 402 U.S. 389, 401 (1971)); see also Biestek v. Berryhill, 587 U.S. 97, 103 (2019); Samuels v. Acting Comm'r of Soc. Sec., 959 F.3d 1042, 1045 (11th Cir. 2020) (citation omitted). It is not for this Court to reweigh the evidence; rather, the entire record is reviewed to determine whether "the decision reached is reasonable and supported by substantial evidence." Cornelius v. Sullivan, 936 F.2d 1143, 1145 (11th Cir. 1991) (citation omitted). The decision reached by the Commissioner must be affirmed if it is supported by substantial evidence—even if the evidence preponderates against the Commissioner's findings. Crawford v. Comm'r of Soc. Sec., 363 F.3d 1155, 1158-59 (11th Cir. 2004) (per curiam).

## IV.   Discussion

Plaintiff argues the ALJ erred at step two by failing to find her ADHD is severe, and in later steps by failing to address it at all. Pl.'s Br. at 21-23. Responding, Defendant recognizes the ALJ "may not have specifically identified attention deficit disorder by name," but asserts the ALJ nevertheless "provided sufficient reasoning for a reviewing court to evaluate whether he considered

Plaintiff's medical condition as a whole." Def.'s Mem. at 23 (quotation and citation omitted).

Step two of the sequential evaluation process requires the ALJ to determine whether a claimant suffers from a severe impairment. See 20 C.F.R. § 404.1520(a)(4)(ii). At this step, "[a]n impairment can be considered as not severe only if it is a slight abnormality which has such a minimal effect on the individual that it would not be expected to interfere with the individual's ability to work[.]" Brady v. Heckler, 724 F.2d 914, 920 (11th Cir. 1984). "This step is a 'threshold inquiry' and 'allows only claims based on the most trivial impairments to be rejected." Schink v. Comm'r of Soc. Sec., 935 F.3d 1245, 1265 (11th Cir. 2019) (per curiam) (quoting McDaniel v. Bowen, 800 F.2d 1026, 1031 (11th Cir. 1986)).

"[T]he 'severity' of a medically ascertained disability must be measured in terms of its effect upon ability to work, and not simply in terms of deviation from purely medical standards of bodily perfection or normality." McCruter v. Bowen, 791 F.2d 1544, 1547 (11th Cir. 1986). In the context of a Social Security disability benefits case, a condition is severe if it affects a claimant's ability to maintain employment. See id. A claimant has the burden of proving that impairments are severe. See Bowen, 482 U.S. at 146 n.5 (recognizing the claimant's burden of proof at step two to show "a medically severe impairment or combination of impairments"). Further, the impairment either "must have

lasted or must be expected to last for a continuous period of at least 12 months."
20 C.F.R. § 404.1509; see also Walker v. Comm'r, Soc. Sec. Admin., 835 F. App'x
538, 542 (11th Cir. 2020) (unpublished).

A severe impairment interferes with a claimant's ability to perform "basic
work activities." See Bowen, 482 U.S. at 141; Simon v. Comm'r, Soc. Sec.
Admin., 7 F.4th 1094, 1101 (11th Cir. 2021) (citing 20 C.F.R. § 404.1520(c)). The
Regulations provide six examples of "basic work activities": "(1) Physical
functions such as walking, standing, sitting, lifting, pushing, pulling, reaching,
carrying, or handling; (2) Capacities for seeing, hearing, and speaking; (3)
Understanding, carrying out, and remembering simple instructions; (4) Use of
judgment; (5) Responding appropriately to supervision, co-workers, and usual
work situations; and (6) Dealing with changes in a routine work setting." 20
C.F.R. § 404.1522; see also Walker, 835 F. App'x at 541-52. "The finding of any
severe impairment, based on either a single impairment or a combination of
impairments, is enough to satisfy step two because once the ALJ proceeds
beyond step two, he is required to consider the claimant's entire medical
condition, including impairments the ALJ determined were not severe." Burgin
v. Comm'r of Soc. Sec., 420 F. App'x 901, 902 (11th Cir. 2011) (unpublished).

Any error in identifying severe impairments at step two is harmless if
"the ALJ considered all of [the] impairments in combination at later steps in
the evaluation process." Burgin, 420 F. App'x at 903 (citation omitted); see

Schink, 935 F.3d at 1268 (a step two error "could be harmless if the ALJ nevertheless proceeded in the sequential evaluation, duly considered [the claimant's] mental impairment when assessing his RFC, and reached conclusions about [the claimant's] mental capacities supported by substantial evidence"); Heatly, 382 F. App'x at 825 (stating that an "ALJ is required to demonstrate that [he or she] has considered all of the claimant's impairments, whether severe or not, in combination"); Bowen v. Heckler, 748 F.2d 629, 635 (11th Cir. 1984) (finding that an ALJ must make "specific and well-articulated findings as to the effect of the combination of impairments").

The RFC assessment "is the most [a claimant] can still do despite [his or her] limitations." 20 C.F.R. § 404.1545(a)(1). It is used at step four to determine whether a claimant can return to his or her past relevant work, and if necessary, it is also used at step five to determine whether the claimant can perform any other work that exists in significant numbers in the national economy. 20 C.F.R. § 404.1545(a)(5). In assessing a claimant's RFC, the ALJ "must consider limitations and restrictions imposed by all of an individual's impairments, even those that are not 'severe.'" SSR 96-8P, 1996 WL 374184 at *5; see also Pupo v. Comm'r, Soc. Sec. Admin., 17 F.4th 1054, 1064 (11th Cir. 2021) (citing Schink, 935 F.3d at 1268); Swindle v. Sullivan, 914 F.2d 222, 226 (11th Cir. 1990) (stating that "the ALJ must consider a claimant's impairments in combination")

(citing 20 C.F.R. § 404.1545; <u>Reeves v. Heckler</u>, 734 F.2d 519, 525 (11th Cir. 1984)).

Here, Plaintiff alleged consistently that her ADHD was one of many impairments that rendered her disabled and that she had difficulty maintaining attention and concentration. <u>See</u> Tr. at 67, 77, 85, 249, 765. The ALJ, in summarizing Plaintiff's alleged conditions, neglected to include ADHD, even though the ALJ cited an exhibit in which Plaintiff specifically alleged it. <u>See</u> Tr. at 17 (citing Ex. C1E/2, located at Tr. at 249). In making the step-two findings, the ALJ neglected to discuss ADHD. Tr. at 12-13. And, in evaluating Plaintiff's claim at later steps, the ALJ did not discuss ADHD at all, even with multiple diagnoses and references of ADHD contained in the administrative transcript. Tr. at 13-28 (ALJ); <u>see, e.g.</u>, Tr. at 80, 88 (state agency findings), 770, 874-77 (consultative findings), 804, 815, 944, 1070, 1277, 1291-92 (treatment notes).

The ALJ did acknowledge alleged concentration issues and documentation regarding such issues in the administrative transcript. <u>See</u> Tr. at 21-27. But, at least at one point in the Decision, the ALJ attributed such issues to Plaintiff's restless leg syndrome. Tr. at 20. Together with the complete lack of acknowledgement of ADHD by the ALJ, the Court cannot be satisfied that the ALJ actually considered ADHD and its full effects. Given that the ALJ was required to consider all of Plaintiff's impairments, severe and non-severe,

in assessing her RFC, the ALJ's failure to do so here constitutes error necessitating remand. <u>See, e.g.</u>, SSR 96-8P, 1996 WL 374184 at *5; <u>see also</u> <u>Schink</u>, 935 F.3d at 1268.

The matter must be reversed and remanded for further consideration of Plaintiff's ADHD.

## V.   Conclusion

In light of the foregoing, it is

**ORDERED**:

1.     The Clerk of Court is directed to enter judgment pursuant to sentence four of 42 U.S.C. § 405(g), as incorporated by § 1383(c)(3), **REVERSING** the Commissioner's final decision and **REMANDING** this matter with the following instructions:

(A)   Reconsider whether Plaintiff's ADHD is severe at step two and ensure consideration of it in later steps in the sequential evaluation process;

(B)   If necessary, address Plaintiff's other arguments in this appeal; and

(C)   Take such other action as may be necessary to resolve this claim properly.

2.      The Clerk is further directed to close the file.

**DONE AND ORDERED** in Jacksonville, Florida on September 24, 2025.

James R. Klindt

JAMES R. KLINDT
United States Magistrate Judge

kaw
Copies to:
Counsel of Record